UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-22223-CIV-LENARD/TORRES

BODYUP FITNESS, LLC, a Florida limited
liability company,

        Plaintiff,

vs.

2080039 ONTARIO, INC., a Canadian
business corporation,

        Defendant.
_____/

ORDER ON DEFENDANT'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION AND
INSUFFICIENCY OF SERVICE OF PROCESS

      This matter is before the Court on two pending motions filed by Defendant: a Rule 12(b)(2) Motion to dismiss the Complaint for lack of personal jurisdiction and a Rule 12(b)(5) Motion to dismiss for insufficiency of service of process [D.E. 2]. These motions were referred for disposition by the Honorable Joan A. Lenard on January 10, 2008 [D.E. 25]. The Court has thoroughly reviewed the Motions, Plaintiff's response, Defendant's reply, as well as the record in the case. Upon initial review the Court concluded that an evidentiary hearing would be necessary, and scheduled one for January 29, 2008 [D.E. 26]. The parties requested, however, that the Court dispose of the motions on the paper record and stipulated that each would waive its right to such a hearing. [D.E. 27]. Accordingly, these motions are now ripe for disposition.

## *I. BACKGROUND*

Plaintiff, Bodyup Fitness, LLC, originally filed this contract action in state circuit court, Miami-Dade County, Florida, on July 25, 2007. The action was timely removed on August 24, 2007. [D.E. 1]. The pending Complaint alleges that Defendant breached an agreement authorizing it to act as the exclusive distributor for Bodyup products in Canada by, among other things, offering Bodyup franchises to third parties in Canada. [D.E. 1, (Compl. ¶¶ 13-15, 23)]. The Complaint seeks damages and declaratory and injunctive relief.

Defendant, 2080039 Ontario, Inc., a Canadian corporation, did not answer and instead filed the pending motions to dismiss. Defendant first argues that there is no personal jurisdiction over it in this forum because, in part, it does not regularly conduct business in the State of Florida, only makes occasional purchases of goods from Plaintiff, does not regularly meet or interact with Plaintiff in Florida, and, at most, has only failed to make payments in Florida that is not enough for general or specific jurisdiction. Plaintiff responded that the parties entered into a long-term distributorship agreement, which was originated by a meeting between the parties' principals in Florida, that Defendant's performance under that agreement was due in Florida, and that the parties agreed upon application of Florida law in a Florida forum.

Defendant, second, argues that the motion should be dismissed based upon insufficiency of service of process. Defendant relies upon the Declaration of its corporate president, Christine Shaikin, that avers that the Plaintiff served a summons and Complaint on an individual who is neither an officer, director, agent, or employee of Defendant. Defendant concludes that, under Canadian law, personal service on the individual served in this case is not effective and constitutes insufficient service of process. Plaintiff responds by

arguing that service on Stanley Devine, who is said to be an "owner" of the Defendant, is sufficient under Canadian law and Fed. R. Civ. P. 4(h).

Although the parties' memoranda are persuasive, the parties have not adequately considered several cases from the Eleventh Circuit that may be far more compelling than the cases cited in their papers. But rather than addressing those cases without the benefit of input from the parties, the Court will focus instead on the motion to dismiss based upon insufficiency of service. On that issue, there is no dispute on the applicable law and, as the parties have stipulated to the facts in the paper record, the answer to the question posed by this motion is far more clear. We thus turn first to analyze the service of process issue.

## II.  ANALYSIS

### A.  *Insufficient Service of Process*

There is no dispute that Defendant is a foreign Canadian corporation that has its principal place of business in Ontario, Canada. After the complaint was filed in state court, Plaintiff retained the services of a certified process server from Ottawa, Ontario, Canada. The record shows that the process server purported to serve the complaint on July 25, 2007, by going to 220 Elgin Street, Ottawa, Ontario. Unsworn Affidavit of Mark Simpson [D.E. 12-2 at 1]. That is the alternate address provided for the Defendant corporation, the other one being an address in care of Christine Shaikin, 541 Sussex Drive, Ottawa, Ontario. Summons [D.E. 1 at 6]. Note that the parties' agreement at issue in this case required notice under the agreement to be served at the 541 Sussex Drive address. [D.E. 1 at 22].

The process server's affidavit then states that service was accomplished on the "owner" of the corporation, Stanley Devine, who verbally acknowledged to the process server his identity. The affidavit, however, does not state that Mr. Devine is an officer or agent of the

corporation, nor does it represent that Mr. Devine was in control of the corporation's place of business or managing that location.

Following this purported service on the corporation, Defendant filed its pending motion to dismiss based on insufficiency of service, which attached as evidentiary support the sworn declaration of Christine Saikin. Ms. Saikin averred that "Stanley Devine is not now, nor has ever been, an officer, director, employee, registered agent or agent of Defendant, and Stanley Devine is not now, nor has ever been, authorized to accept service of process on behalf of Defendant." [D.E. 2-2 ¶23].

Notably, the declaration did not explain who Mr. Devine was and whether he had any other type of relationship to the Defendant corporation, nor did it deny that the address where the service took place was not in fact a place of business for the Defendant. On the other hand, the process server's unsworn affidavit does not say why Stanley Devine was, under Canadian law, the proper person to receive service on behalf of the corporation. But these two documents represent the entire record evidence we can rely upon to address the service of process motion.

Rule 4(h)(2) of the Federal Rules of Civil Procedure provides that service upon a corporation shall be effected "in a place not within any judicial district of the United States in any manner prescribed for individuals by subdivision (f) except personal delivery as provided in paragraph (2)(C)(i) thereof." Accordingly, Rule 4(f) governs the proper service of process on a foreign corporation served outside the United States:

> Service Upon Individuals in a Foreign Country. Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States: (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention

>on the Service Abroad of Judicial and Extrajudicial Documents
>. . . .

The parties thus agree that the Hague Convention applies in this case because both the United States and Canada are signatories. *See, e.g., Miller v. Miller,* 240 F.3d 392, 395 n.1 (4th Cir. 2001). Under articles 2 through 7 of the Hague Convention, the principal method for service of judicial documents abroad is through a designated Central Authority, which in turn either serves the documents or arranges to have them served by an appropriate agency. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters art. 2-7, Nov. 15, 1965, 20 U.S.T. 361 ("Convention"). The Convention also permits alternate channels of service so long as they are not objected to by the receiving State. *See, e.g., DeJames v. Magnificence Carriers,* 654 F.2d 280, 288 (3d Cir.1981). One such alternate channel is a method of service in accordance with the internal law of the receiving State for documents coming from abroad. Convention art. 19.

Plaintiff stipulates that the method of service used here was not on Canada's "central authority" or any other channel under the Convention except for Article 19 – the internal laws of the receiving State. There is also no dispute that the applicable "internal law" of Canada is found in the Ontario Rules of Civil Procedure, which provide that service on a corporation is made "by leaving a copy of the document with an officer, director, or agent of the corporation, or with a person at any place of business of the corporation who appears to be in control or management of the business." Ont. R. Civ. P. 16.02(c); *see, e.g., Jerge v. Potter,* 2000 WL 1160459, at *1 (W.D.N.Y. Aug. 11, 2000) (quoting and applying Rule for service of process issue).

The parties do dispute, however, whether the process server materially complied with Ontario Rule 16.02(c) when he served the corporation through an individual named Stanley Devine. The burden of proof in this case is one which shifts between the Plaintiff and

Defendant. The burden to sustain the validity of service of process is initially upon the person/entity who seeks to invoke the jurisdiction of the court, i.e. Plaintiff. *Familia de Boom v. Arosa Mercantil, S.A.,* 629 F.2d 1134, 1139 (5th Cir. 1980); *see also Grand Entertainment Group, Ltd .v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3rd Cir. 1993); *Mende v. Milestone Tech, Inc.,* 269 F. Supp . 2d 246, 251 (S.D.N.Y. 2003); *Hayes v. Woodford,* 444 F. Supp. 2d 1127 (S.D. Cal. 2006).

A process server's return of service is presumed to be valid and satisfies a plaintiff's initial prima facie burden absent strong and convincing evidence presented to the contrary. *See, e.g., Blanco v. Tin How, Inc.,* 2007 WL 2827505, *1 (S.D. Fla. Sept. 26, 2007); *Okehi v. Security Bank of Bibb County,* 199 F.R.D. 388 (M.D. Ga. 2001) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993)); *Hicklin v. Edwards,* 226 F.2d 410, 414 (8th Cir. 1955); *CSC Holdings, Inc. v. Fung,* 349 F. Supp. 2d 613 (E.D.N.Y. 2004). By filing an affidavit as return of service, albeit an unsworn one, the Court finds that Plaintiff met its initial burden of proving lawful service of process.

The burden then shifts to Defendant to refute by strong and convincing evidence that service was not properly effectuated. *See, e.g., O'Brien,* 998 F.2d at 1398 (holding that signed return of service constitutes prima facie evidence of valid service that can be overcome only by "strong and convincing evidence"). Such evidence must be factual and specific enough to "set forth circumstances . . . which would call into question the issue of service." *Trustees of Local Union No. 727 Pension Fund v. Perfect Parking, Inc.,* 126 F.R.D. 48, 52 (N.D. Ill. 1989). Defendant relied upon Ms. Shaikin's sworn declaration to meet that burden. That declaration swears that Stanley Devine is not an officer, director, employee, registered agent or agent of the company. The declaration also claims that Mr. Devine was not authorized to accept service of process on the company's behalf.

There is technically no factual conflict between the two documents. The process server's affidavit did not claim that Mr. Devine was in fact an officer, director, employee, registered agent or agent. Ms. Shaikin's declaration does not dispute that Mr. Devine is an "owner" of the corporation, which presumably means that Mr. Devine is a shareholder to some extent. Neither affidavit, however, avers one way or another where Mr. Devine exhibited control or management over the corporation's operations at that location. Given the size of this corporation, an owner would likely have some level of control, but no sworn evidence in the record actually says so.

Faced with that important missing piece of evidence, the Court decided to schedule an evidentiary hearing, to confirm why the process server deemed Mr. Devine an owner and to determine whether the process server could provide evidence of control or management. Ms. Shaikin would also have to testify why, if in fact Mr. Devine owned some shares in the company, that level of ownership could not be deemed sufficient evidence of control or management. And, clearly, the Court can resolve such factual issues upon conflicting or ambiguous affidavits through an evidentiary hearing. *See Abramson v. The Walt Disney Company,* 2005 WL 1182675, \*2 (11th Cir. 2005); *Old Republic Ins. Co. v. Pacific Fin. Servs. of Am., Inc.,* 301 F.3d 54, 57 (2nd Cir. 2002); *CSC Holdings,* 349 F. Supp. 2d at 617.

The parties opted out of that hearing, however, and jointly requested that the Court rule strictly on the paper record. The Court accepted that stipulation and now finds that Defendant has sufficiently met its burden of showing that process was not properly executed. Defendant's declaration clearly negates the first requirement of the Ontario Rule – that being that service be accomplished through an officer, director, employee, registered agent or agent. The declaration squarely claims that Mr. Devine is not now, nor has he ever been, any of those classes of persons. The process server's unsworn affidavit, on the other hand, never claims to

the contrary, and relies upon a characteristic – ownership – that is not found in the Rule. Thus, Defendant has sufficiently rebutted the prima facie validity of the process server's affidavit. *Trustees of Local Union,* 126 F.R.D. at 52.

The ball was thus in Plaintiff's court to show, through competent substantial evidence, that service of process was properly carried out under Ontario law. *See also Polski Line Oceanizne,* 795 F.2d 968, 972 (11th Cir. 1986) (to sustain jurisdiction under Florida service of process statute, "the plaintiff must allege sufficient facts in his complaint to initially support long-arm jurisdiction before the burden shifts to the defendant to make a prima facie showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint."). Plaintiff provided the Court with no further evidence with which to meet that burden, relying again only on the initial ambiguous and unsworn affidavit of the process server. It is certainly possible, of course, that Plaintiff could have supplemented the record with evidence that Mr. Devine, in fact, exercises control and management of the corporation. Plaintiff elected not to do so, believing that the process server's affidavit was enough. It isn't. *See Familia de Boom,* 629 F.2d at 1139 (binding Fifth Circuit opinion affirming dismissal for insufficiency of service based on plaintiff's failure to satisfy its burden of establishing valid service).

Having decided that Defendant has satisfied its burden under Rule 12(b)(5) that process in this case and on this record was ineffective, the question turns to the appropriate remedy. The pending motion seeks dismissal of the complaint, as permitted under Rule 12(b). The Court, however, has the discretion to grant dismissal or, alternatively, simply order that the process be quashed. *See, e.g., R. Griggs Group Ltd. v. Filanto Spa,* 920 F. Supp. 1100, 1102 (D. Nev. 1996) (federal courts possess authority to quash, rather than dismiss complaint, even

though the rules technically do not provide for a "motion to quash"); *Ramirez de Arellano v. Colloides Naturels Int'l,* 236 F.R.D. 83, 85 (D.P.R. 2006). It is generally held that dismissal of a complaint should be avoided when there is a reasonable prospect for effective service. *See, e.g., Umbenhauer v. Woog,* 969 F.2d 25, 30-31 (3rd Cir. 1992). If proper service is unlikely, then dismissal is the more appropriate remedy. *Ramirez de Arellano,* 236 F.R.D. at 85; *see also Pell v. Azar Nut Co.,* 711 F.2d 949, 950 n.2 (10th Cir. 1983).

Here, it is clear that dismissal is not the appropriate remedy. There is a fair likelihood that Plaintiff could properly serve this Defendant under the Convention, either through the channel originally utilized or another method of service permitted under Canadian law. Thus, the Court will quash service of process, rather than dismissing the complaint, and will grant Plaintiff a reasonable period of thirty days within which to accomplish service of process for this Complaint.

### B.    *Personal Jurisdiction*

As the Court has now found that service of process was insufficient, the first relief sought in the pending motion – dismissal for lack of personal jurisdiction – is now moot. The Court cannot exercise personal jurisdiction over this foreign defendant due to improper service. *See, e.g., Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaints names as a defendant."); *Polski,* 795 F.2d at 972 ("A plaintiff has the burden of sustaining validity of service to invoke long-arm jurisdiction in the Florida courts.").

The issue may, of course, arise again if proper service of process is accomplished. One could thus analyze the personal jurisdiction issue to determine if Plaintiff will not be able to establish jurisdiction over this defendant even if service is perfected. We thus considered

doing so and reviewed the issues and cases cited by the parties on the personal jurisdiction issue. That review showed, however, that the parties have overlooked several analogous cases, within the Eleventh Circuit, that should be considered given the particular facts involved here.

This case is a breach of contract action arising from a supplier/distributor agreement, through which the Canadian distributor agreed to purchase product in Florida from the supplier and use its best efforts to sell that product in Canada through a retail store opened in Canada under the "Body-up" trademark. The supplier now claims that the parties' agreement was breached in part by the distributor's attempt to franchise the business in Canada, by its failure to pay supplier for goods and inventory delivered under the agreement, and by exceeding its authorization to carry out business as "Body-up" in Canada.

In *Sloss Industries Corp. v. Eurisol,* the Eleventh Circuit held that personal jurisdiction was properly invoked in a case between a manufacturer and a foreign distributor who was not merely an occasional purchaser of goods. 488 F.3d 922 (11th Cir. 2007). The facts in that case were similar, where the foreign distributor made several purchases during the course of time as per the parties' agreement, arranged for delivery in the forum state, once visited the local manufacturer, and planned to negotiate a long-term exclusive arrangement. *Id.* at 932-33. The Court's opinion analyzed indepthly other analogous cases involving purchasing and distribution agreements like this one. The parties in this case, however, did not address the relevance of *Sloss* to these facts. In fairness, the opinion had only recently been entered when briefing on the pending motion began.

Similarly, the parties did not have the benefit of another recent decision involving another analogous distribution agreement from the Middle District of Florida, *Telemedia Comm., Inc. v. St. Francis Invest. Props., L.P.,* 2007 WL 4116052 (M.D. Fla. Nov. 16, 2007). In that case, the court held that jurisdiction was also properly invoked where a distribution

agreement required a foreign defendant to make regular payments to the local jurisdiction, the parties agreed to application of Florida law, and the course of dealing under the parties' agreement evidenced repeated performance in Florida. Again, that case was not addressed in the parties' briefing here, and neither were other cases involving supplier/distributor agreements like this one.

Accordingly, the Court will not delve further into the issues raised by the personal jurisdiction issue, other than to require the parties – if it becomes necessary – to address these cases with more specificity if Defendant is properly served with this complaint. For now, the pending motion for lack of personal jurisdiction is simply denied as moot.[1]

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [D.E. 2] is **DENIED AS MOOT**.

2. Defendant's Motion to Dismiss for Insufficiency of Service of Process is **GRANTED IN PART AND DENIED IN PART**. The complaint is not dismissed, but service of process on this Defendant is **QUASHED**. Plaintiff has leave to perfect service of process on this Defendant within thirty days of the date of this Order.

**DONE AND ORDERED** in Chambers, Miami, Florida, this 23rd day of February, 2008.

/s/   *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[1] The pending motions are being adjudicated by Order of the undersigned magistrate judge as an order quashing service is clearly not dispositive and dismissal of the complaint is not being required.